Howell, J.
This is a proceeding, instituted by the city of New Orleans, under the provisions of the Code, relating to “the compulsory transfer of property,” (Arts. 2604-2611) for the purpose of constructing a new levee and road in the Third District, to sedure the city from overflow and crevasses.
The main question is, whether or not those who are shown to be *395 riparian proprietors are bound to give the land required, in this instance, for the road- and levee.-
They contend that the city, having elected to pursue the mode of proceeding for the compulsory transfer of their property, to be taken, as avowed by the city, for the public use, is bound thereby; and the verdict of the jury, fixing the price to be paid to them for the same, is conclusive, except on appeal as provided by Art. 2610.
To this the city replies that, “as some land was necessary for the general use, and it was not known how much and what land would be required, and whether the owners were riparian proprietors or otherwise, the city had to proceed under the provisions of' the Code for the compulsory transfer of property. The province of the jury was simply to ascertain the fair price of the land and improvement, that the same might be paid to such of the owners as were entitled to remuneration; who those owners were, was a question for the Court to decide.”
It is true, the jury could only ascertain the fair price of the property needed, but the other question was virtually settled by the city authorities as one of public policy, in declaring that the public safety required the improvement, and resorting to the proceedings prescribed by law for divesting the owners of their property needed for the purpose. And as the right of the city government to decide that it was to the public interest to become the owner of the soil necessary for the contemplated road and levee, and adopt the mode of proceeding in such a case, is not questioned, it is not our province to deny it. We think, as the city has elected this mode of proceeding, it must be held to the rules in the Code on the subject, and that it is unnecessary to decide whether the act of 1829, (p. 16) applies to the portion of the banks of the Mississippi, within the limits of this city.
The irregularities complained of, and which are glaring, are such as the owners and appellees might take advantage of, but they have waived them, and express themselves satisfied with the conclusion of' the jury. There is nothing in the record to enable us to say that the jury erred in fixing the value of the property, of which, however, the city does not seem to complain.
We wish it distinctly understood, that we do not consider this case a precedent, as to the mode to be pursued and the rights involved in the making of new levees in New Orleans. We decide it simply upon its peculiar pleadings, and do not think the questions of servitudes and of the rights and obligations of riparian proprietors are properly raised for decision.
As to the compensation of the jury, which is fixed by themselves at the sum of $1,800, and to which the city objects for that reason, as well as because it is excessive, we are of opinion that there is no law to authorize the mode or amount of the allowance. We think the jury is not unlike those, which are summoned in a particular occupation, profession or trade, an acquaintance with which is necessary in the decision of special causes, as a jury of merchants, and are to be compensated in like manner. We are referred to no law which provides special compensation for jurors in a case like this, or makes a distinction between them and ordinary jurors.
*396 The judgment in this respect should be corrected.
It is therefore decreed, that so much of the judgment appealed from, as awards to the members of the jury, collectively, for their services herein, eighteen hundred dollars, be reversed, and that the said jurors be allowed the usual fee fixed by law, .to be taxed as costs, and that in other respects the judgment be affirmed, costs of appeal to be paid by the appellees.